38 F.3d 609
 309 U.S.App.D.C. 34
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES TELEPHONE ASSOCIATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION,
Cox Teleport, Inc., et al., Intervenors.
 Nos. 92-1521, 93-1495.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 11, 1994.
 
 Before: BUCKLEY, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the Federal Communications Commission and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that orders of the Federal Communications Commission ("FCC") be vacated as moot and this case hereby be remanded to the FCC with instructions to dismiss the complaints. See A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 329 (1961). The voluntary surrender of the radio licenses to the FCC and the relinquishment of control of Teleport Communications--New York by Cox Teleport, Inc. have made the petition for review moot because the court would be unable to fashion any meaningful relief, see Church of Scientology v. United States, 113 S.Ct. 447, 449 (1992), and any decision of the court on whether Section 613(b) of the Cable Communications Policy Act of 1984, 47 U.S.C. Sec. 533(b), prohibits Cox Teleport, Inc. from having majority ownership of Teleport Communications--New York would be purely advisory. See North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.